**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                        Case No.: 8:21-cr-232-WFJ-TGW

KENNETH ROBLETO WILSON
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Kenneth Robleto Wilson, USM#: 60425-509, moves, *pro se*, (Dkt. 121) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced."  Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On February 16, 2022, Kenneth Robleto Wilson was sentenced to 82 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S.  Mr. Robleto Wilson's total offense level was 31. He was assessed no criminal history points, and his criminal history was category I.  Mr. Robleto Wilson's advisory sentencing range was 108-135 months, and the Court varied downward to a below-the-guidelines sentence.  The Defendant sought an unopposed downward variance.  The Court granted the variance in consideration of Defendant's history and characteristics including his young age, influence and lack

of guidance by his father, who is a co-defendant, as well as remorse.  Dkt. S-132 at 6.  Defendant also received the benefit of the statutory safety valve.  *Id.* at 4.  The Bureau of Prisons online inmate locator shows as of December 4, 2025, the Defendant is no longer in BOP custody, and the Federal Defender agrees.  Dkt. 136 at 3.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Robleto Wilson's 82-month sentence that was less than the minimum of the amended guideline range of 108-135 months in prison.  Dkt. S-132 at 3.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 136.  A motion for sentence reduction will not be filed on behalf of Mr. Robleto Wilson because he received "a sentence lower than the low end of his amended guideline range and is no longer in custody."  *Id.* at 3.

3

The Court already granted a significant downward variance taking into account all the considerations set forth above.  Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 82-month sentence.

This case involved an international marine narcotics smuggling venture aboard a go-fast vessel interdicted in the Eastern Pacific Ocean.  The vessel refused to stop after warning shots were fired, and disabling fire was necessary to stop the vessel.  Dkt. S-132 at 11 ¶ 10.  The eight jettisoned bales of cocaine weighed 287 kilograms.  *Id.* at 11 ¶ 12.  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Costa Rica subject to deportation.

Mr. Kenneth Robleto Wilson's *pro se* motion (Dkt. 121) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on February 3, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

4